PER CURIAM.
We approve and adopt the final judgment of the trial court, which provided, in part:
Plaintiff corporation is a real estate broker in Palm Beach County. Defendant Oldham N.V. Corp. was, at all times material to these proceedings, an owner of real property in Palm Beach County.
In February, 1984, Plaintiff procured a contract for sale of Defendant’s real property to Holston Valley Investment Company. The contract was prepared by the Plaintiff, and therefore any ambiguity in the language will be interpreted most strongly against the Plaintiff (11 Fla Jr 2d, 401, Contracts, 106).
The contract provided in part:
“In the event buyer fails to perform and deposits) is retained, 50 percent thereof, but not exceeding the Broker’s fee above computed, shall be paid to the Broker, as full consideration for Broker’s services including costs expended by Broker ...”
Addendum 2 of the contract contemplated that following a feasibility study *744 there would be a six-month extension of time before a closing and that the buyer would pay $50,000 per month as a monthly fee for the granting of this additional six-month’s extension. The six-month’s [sic] extension was granted and, in accordance with the contract, the seller paid Defendant the sum of $300,-000 at the rate of $50,000 per month. These monies were to be paid directly to Defendant rather than escrow and no restrictions were placed on Defendant’s use thereof.
Plaintiff has taken the position that this $300,000 payment (six months of the monthly fee of $50,000) is in the nature of a deposit and is therefore subject to a charge of 50 percent for Plaintiff’s services.
Defendant takes the position that the $300,000 paid by seller is in the nature of an option fee and is therefore not subject to a charge for Plaintiff’s services.
The intent of the parties is clear that the $300,000 received by the seller from the purchaser was not in the nature of a deposit, nor was it purely a payment (or payments) for an option to purchase. It was what the parties claimed it to be — a total of six monthly fees of $50,000 cash, paid specifically for a six-month’s [sic] extension of the contract during which time the Defendant could not sell its $5,000,000 parcel of property to any other purchaser. Because the $300,000 paid to Defendant by the seller is not a deposit as contemplated by the contract, it is not subject to a 50 percent charge by Plaintiff.
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.